UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| WHITNEY FORT, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:23-cv-50167 |
| | ) | |
| v. | ) | |
| | ) | |
| BASIL CAFÉ GROUP, LLC | ) | |
| And APRIL MANKIEWICZ | ) | |
| (INDIVIDUALLY), | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | | |

# COMPLAINT

Plaintiff, Whitney Fort ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Basil Café Group, LLC and April Mankiewicz (collectively "Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendant's retaliation under Section 15(a)(3) of the FLSA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 29 U.S.C. § 201, *et. seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

4. At all times material to the allegations of this Complaint, Plaintiff, Whitney Fort,

resides in Winnebago County in the State of Illinois.

5. At all times material to the allegations in this Complaint, Defendant, Basil Café Group, LLC, is a limited liability company doing business in and for Winnebago County whose principal office address is 2408 S. Perryville Road, Suite 1, Rockford, IL 61101.

6. At all times material to the allegations in this Complaint, Defendant, April Mankiewicz, is the individual owner of Basil Café Group, LLC in and for Winnebago County whose principal office address is 2408 S. Perryville Road, Suite 1, Rockford, IL 61101.

7. Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

8. Defendants was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

9. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff began working for Defendant as a server on or around October 1, 2022.

11. Plaintiff does a specific job which is an integral part of the business of Defendant.

12. Plaintiff worked at the Rockford, IL location.

13. The first two days that Plaintiff was employed she attended two full days of training.

14. Plaintiff was supposed to be paid minimum wage for her training hours (2 days of work).

15. Plaintiff received her first paycheck around October 15, 2022.

16. Plaintiff noticed the pay period dates were incorrect and reported it to GM, Kelly

(LNU).

17. This act of reporting is protected under the FLSA.

18. GM, Kelly told her the check would be corrected.

19. On or around October 17, 2022 Plaintiff noticed that she was not paid for her training hours.

20. Plaintiff reported missing wages to GM, Kelly (LNU) by specifically telling GM Kelly, "it's against the law to not pay me for my training days"

21. GM Kelly became hostile and brushed off Plaintiff's legitimate complaints of not being paid minimum wage of all hours worked.

22. That week Plaintiff met with other employees to question if they had been paid their training hours, they had not.

23. On November 11, 2022, GM, Kelly (LNU) approached Plaintiff with hostility and shoved $70 cash in her face and said "here is your training money, I have to let you go."

24. Plaintiff was terminated for engaging in protected activity under the FLSA.

25. Plaintiff would not have been terminated but for her engaging in protected activity.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Retaliation)

26. Plaintiff hereby realleges and incorporates paragraphs 1 through 25 as set forth fully herein.

27. This Count arises from Defendant's violation of the FLSA for Defendant's retaliatory acts.

28. On or around October 17, 2022, Plaintiff reported not being paid minimum wage for all hours worked.

3

29. On November 11, 2022, Defendants fired Plaintiff.

30. Pursuant to Section 15(a)(3) of the FLSA, it is unlawful to discriminate against an employee because such an employee has filed a Complaint under or related to the FLSA.

31. Defendant's retaliatory acts, specifically the Plaintiff's employment termination and civil action filed against Plaintiff, performed after issuing a settlement letter in this matter, violates Section 15(a)(3) of the FLSA.

32. The Plaintiff is entitled to recover such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA.

33. Plaintiff is entitled to damages for emotional distress.

34. Defendants are liable for punitive damages.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in the amount of such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA against Defendants;

B. Declare that Defendants retaliated against the Plaintiff in violation of §15(a)(3) of the FLSA;

C. Award punitive damages;

D. Award damages for emotional distress;

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 11th day of May, 2023.

/s/ *Mohammed O. Badwan*
**MOHAMMED O. BADWAN, ESQ.**
IL Bar No.: 6299011
**SULAIMAN LAW GROUP LTD.**

2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/** *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*